IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DISABLED PATRIOTS OF AMERICA,
INC.,

                Plaintiff,                Case No. 3:04 CV 7399

    -vs-

                                         MEMORANDUM OPINION

ODCO INVESTMENTS, LIMITED,

                Defendant.

KATZ, J.

This matter is before the Court on the motion of the Plaintiffs, Disabled Patriots of America, Inc. ("DPA"), a Florida not-for-profit corporation, and Michael Miles ("Miles"), individually, for summary judgment (Doc. No. 12). The Defendant ODCO Investments Ltd., LLC ("ODCO") has not responded. Plaintiffs have filed a brief supporting their motion for summary judgement (Doc. No. 12). The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. For the following reasons, the Plaintiffs' motion is denied.

## BACKGROUND

ODCO operates the Days Inn located in Perrysburg, Ohio. Since ODCO purchased the property on June 26, 1996, the only construction or alterations were to enclose the staircases. ODCO denies knowledge of any other construction or alterations to the property prior to its purchase in 1996.

In their complaint and motion for summary judgment, Plaintiffs allege ODCO committed a litany of violations of the Americans with Disabilities Act ("ADA") at the Days Inn. Specifically, Plaintiffs assert that Miles, a disabled Ohio resident, visited the Days Inn operated by ODCO but

was unable to avail himself of the goods and services offered. Plaintiffs further assert that Miles intends to return to the property once it becomes accessible to him. Finally, Plaintiffs contend that ODCO's failure to remove barriers to Miles's access interfered with his enjoyment of the goods and services offered to the public in violation of the ADA. Plaintiffs seek a grant of summary judgment in their favor finding ODCO liable for failing to maintain its property in compliance with the ADA, requiring ODCO to make all readily achievable repairs and alterations to bring the property into full compliance with the ADA, and awarding Plaintiffs attorneys' fees and litigation expenses. ODCO has not opposed Plaintiffs' motion for summary judgment.

## DISCUSSION

*A. Summary Judgment Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belnap*, 154 F. Supp. 2d 1069 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted to judge the evidence or make findings or fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgement "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

3

"The Federal Rules identify the penalty for the lack of . . . a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. This means that although the court must carefully review the evidence submitted by the movant, the trial court is not obligated to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Levine v. Syms Corp.*, 982 F. Supp. 492, 495 (N.D. Ohio 1997) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). When a motion for summary judgment is unopposed, "in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence . . . in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). Then, "[i]f such evidence supports a conclusion that there is no genuine issue of material fact, the trial court should determine that the moving party has carried its burden, and 'judgment [] shall be rendered forthwith.'" *Id* (quoting Fed. R. Civ. P. 56(c)).

      Finally, as the Sixth Circuit has explained:

> "Rule 56(c) requires the moving party to show not only the absence of a disputed issue of fact but also that he is entitled to judgment as a matter of law. In assessing the sufficiency of the evidence to sustain a particular inference, therefore, the court must also consider the burden of proof on the issue and where it will rest at trial. When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 258-259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)).

*B. ADA Violations*

The ADA prohibits discrimination against persons with disabilities in public accommodation. 42 U.S.C. § 12182. Public accommodation is defined, *inter alia*, as, "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181(7)(A). The Days Inn ODCO operates in Perrysburg, Ohio, falls squarely within this definition. "To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Emerick v. Kahala L & L Inc.*, No. 97-01174 FIY, 2000 U.S. Dist. LEXIS 7374, at *65-66 (D. Haw. May 16, 2000).

Under the ADA, an owner or operator of a place of public accommodation violates the ADA by failing to remove, "architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and where an entity can demonstrate that the removal of the barrier is not readily achievable, [by failing] to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv)(v).

Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304. To determine whether removal of a barrier is readily achievable, the ADA sets forth several factors to consider:

(A) the nature and cost of the action needed under this Act;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

5

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the compensation, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

Determining "whether a specific change is readily achievable 'is a fact intensive inquiry that will rarely be decided on summary judgment.'" *D'Lil v. Stardust Vacation Club*, No. CIV-S-00-1496 DFL PAN, 2001 U.S. Dist. LEXIS 23309, at *17 (E.D. Cal. Dec. 20, 2001) (quoting *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1371 (S.D. Fla. 2001)). The determination is "made on a case by case basis under the particular circumstances and factors listed in the definition of readily achievable." *Colo. Cross Disability Coal. v. Williams*, 264 F.3d 999, 1009 (10th Cir. 2001); 28 C.F.R. § 36.104. Those factors include, *inter alia*, the nature and cost of barrier removal and the overall financial resources of the facility. 42 U.S.C. § 12181(9).

Plaintiffs bear the initial burden of proffering sufficient evidence tending to show barrier removal is readily achievable under the circumstances. *Colo. Cross*, 264 F.3d at 1002-03, 1005 (10th Cir. 2001). "Plaintiffs must consider the factors identified in § 12181(9) and proffer evidence, including expert testimony, as to the ease and inexpensiveness of their proposed method of barrier removal." *Id*. at 1005. Once Plaintiffs proffer such evidence, thereby making out a prima facie case of discrimination, the burden shifts to ODCO to show that barrier removal is not readily achievable. *Id*. at 1002-03, 1005. Courts have found that plaintiffs failed to meet their initial burden where they have failed to provide "precise cost estimates regarding the proposed modification," *id*. at 1009, and where they have failed to "introduce any evidence of the

6

[defendant's] gross profits," *Alford v. City of Cannon Beach*, No. CV-00-303-HU, 2002 U.S. Dist. LEXIS 2257, at * 37 (D. Ore. Jan. 15, 2002).

Here, Plaintiffs' evidence suffers from the same deficiencies. While Plaintiffs do provide a detailed list of alleged violations at the Days Inn, they do not provide a complete and precise cost to remove all barriers. *Colo. Cross*, 264 F.3d at 1007, 1010, 1012. For example, Plaintiffs assert that the entry stairs do not have closed risers, and estimate the "readily achievable solution and cost" as "$2500 for each stair" (Doc. No. 12-3). However, Plaintiffs do not note how many stairs there are in the entry staircase. Whether the entry is two stair steps or ten stair steps would effect the overall cost and thus would be a factor in whether the cost is readily achievable. 42 U.S.C. § 12181(9); *Colo. Cross*, 264 F.3d at 1009.

In other portions of the estimate, Plaintiffs assert that handrails must be installed at a cost of "$3800 dollars for each *set* of stairs" [emphasis added] (Doc. No. 12-3). However, again Plaintiffs fail to note how may sets of stairs are non-compliant. Similarly, Plaintiffs allege other violations, *inter alia*, improper mounting of the restroom signs, and tables in various areas that are not wheelchair accessible, without indicating the number that will need to be altered or whether the estimated cost is for one or all of the occurrences of the violation.

This Court's bare minimum estimate of the cost of barrier removal is approximately $50,000. However, this only includes what Plaintiffs have listed and does not account for the cost of barrier removal that is missing from Plaintiffs' estimates. Without specific cost estimates the Court cannot say that Plaintiffs have met their duty to proffer evidence showing barrier removal is readily achievable.

Additionally, and more importantly, Plaintiffs have failed to provide any information regarding ODCO's overall financial resources. Without this evidence, there is no basis from which the Court or a jury could find that Plaintiffs' proposed alterations are "readily achievable" by ODCO. While ODCO agreed to provide such information in its answers to Plaintiffs' interrogatories, it has failed to do so. (Doc. No. 12-2). Yet Plaintiffs have not contacted the Court about the dispute pursuant to Local Rule 37.1, or filed a motion to compel under Rule 37 of the Federal Rules of Civil Procedure. Moreover, Plaintiffs have not provided any other evidence regarding ODCO's overall financial resources, in any capacity, that this Court might consider. The Court cannot evaluate the cost of renovations in a vacuum, and without evidence of ODCO's ability to pay for them, the Court cannot conclude that Plaintiffs have shown the renovations are "readily achievable." Plaintiffs have therefore failed to make out a prima facie case of disability discrimination. On the facts before it, the Court cannot say that a jury could only find for the Plaintiffs. Summary judgment in favor of Plaintiffs would be inappropriate at this time.

## CONCLUSION

Based on the foregoing, this Court concludes that Plaintiffs have not shown the absence of a genuine issue of material fact on all elements of their claim, and, thus, Plaintiffs are not entitled to judgment as a matter of law. Accordingly, summary judgment is not appropriate and the Plaintiffs' motion (Doc. No. 12) is denied.

The Court will conduct a telephone status conference on April 10, 2006 at 2:45 p.m.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  SENIOR U. S. DISTRICT JUDGE