IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC., et al.,

Plaintiff,

-vs-

ODCO INVESTMENTS, LIMITED,

Defendant.

Case No. 3:04 CV 7399

MEMORANDUM OPINION

KATZ, J.

This matter is before the Court on the issue of attorney fees. On December 30, 2008, this Court granted Plaintiff's motion for default judgment, the requested injunctive relief and determined Plaintiffs were prevailing parties. (Doc. Nos. 30 and 31.) The Court also requested supplementation and/or clarification as to some of the entries regarding their attorneys fees and expenses, which Plaintiff's counsel subsequently filed on January 28, 2009. Also before the Court is Plaintiffs' motion to deem request admitted (Doc. No. 33.) With the supplementation/clarification having been filed and no opposition thereto, the issue is ripe for disposition.

## **ATTORNEY FEE PETITION**

*A. Attorney's Fees under the ADA*

As noted in its previous Order, the statute allows for attorney fees under 42 U.S.C. § 12205 as follows:

> In any action or administrative proceeding commenced pursuant to this chapter, the *court* or agency, *in its discretion*, may allow the prevailing party, other than the United States, a *reasonable* attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

(Emphasis added.) Judicial discretion is defined as "[t]he exercise of judgment by a judge or court based on what is fair under the circumstances and guided by the rules and principles of law; a court's power to act or not act when a litigant is not entitled to demand the act as a matter of right." BLACK'S LAW DICTIONARY 499 (8th Ed. 2004).

Plaintiffs, in their request for admission, advocate a blanket endorsement of their entire request[1] in the absence of any objection by the Defendant. Plaintiffs' reliance upon *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 211-212 (3rd Cir. 2000), for this proposition, is without merit. In that case, the Equal Access to Justice Act, 28 U.S.C. § 2412, was involved and did not afford the district court discretion as contrasted with the fees under the ADA. *See*, 28 U.S.C. § 2412(2)(b) and (d)(1)(A). *Cf*. 28 U.S.C. § 2412(d)(1)(C) (allowing for discretion to reduce amount awarded). Moreover, the EAJA applies only to claims for attorney fees when no other specific statute deals with an award of attorney fees against the government. *Stephens v. US Airways Group*, 555 F.Supp.2d 112 (D.D.C. 2008). As the EAJA has no application in the case *sub judice*, such reliance thereon is misplaced.

For the Court to endorse the proposed submissions, without review, would be to abdicate it's obligation under the statute and merely rubber stamp any and all unopposed requests. This is contrary to the language of the statute and undermines the application of discretion. As Plaintiffs' proposed blanket approval is an incorrect application of the statute, their motion to deem requests admitted is denied.

*B. Reasonableness of Attorney Fees*

---

1 In their supplemental clarification, Plaintiffs request a total $35,304.24 in attorney's fees and costs.

As noted previously by this Court, the party requesting a statutory fee bears the burden of substantiating that request. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citing *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242, 104 S.Ct. 1923, 1928, 85 L.Ed. 2d 233 (1985)).

> The trial court's initial point of departure, when calculating a "reasonable" attorney fee, should be the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (U.S. 1983); *Reed*, 179 F.3d at 471. The trial judge may then, within limits, adjust the "lodestar" to reflect relevant considerations peculiar to the subject litigation. *Reed*, 179 F.3d at 471-72. The factors which the district court may consider, either in determining the basic lodestar fee and/or adjustments thereto, include the twelve listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Hensley*, 461 U.S. at 434.

*Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

To determine a reasonable hourly rate, the Sixth Circuit recommends:

> [C]ourts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to commend within the venue of the court of record.

*B & G Mining, Inc. v. Director, Office of Comp. Programs*, 552 F.3d 657, 663 (6th Cir. 2008), *quoting*, *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007). The fee movant bears the burden of establishing the prevailing market rate. *Blum v. Stenson*, 465 U.S. 866, 895 n.11, 104 S.Ct. 1541, 79 L.Ed. 2d 891 (1984).

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable and is referred to for convenience as the prevailing market rate.

*Id.*

Factors which may be considered in this assessment include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Disabled Patriots of Am v. Genesis Dreamplex, LLC*, 2004 WL 2404140 (N.D. Ohio 2006), *citing*, *Disabled Patriots of America, Inc. v. Taylor Inn Enterprises, Inc.*, 424 F.Supp.2d 962, 965-966 (E.D.Mich.2006).

1. Attorney Lawrence Fuller

Lead attorney Lawrence Fuller has requested an hourly rate of $325.00. In support of his request, Mr. Fuller states that his extensive legal experience of over 34 years and litigation expertise throughout the country is evidence of his expertise in the area of ADA discrimination law. The Court agrees that Mr. Fuller has significant experience in ADA compliance litigation. In this district alone, Mr. Fuller was counsel of record in 37 cases for the time period of March 2004 through December 2008.

Mr. Fuller also contends that there is precedent within Ohio which support his hourly rate. This Court disagrees insofar as it pertains to the Western Division and the Toledo legal market. As noted above, the guideline utilized by the Court should be the prevailing market rate.

Mr. Fuller cites eight cases in support of his $325 hourly rate. Only one of those cases, *Kramer, et al. v. SCIT, Inc.*, Case No. 1:06 CV 2888 (N.D. Ohio), was litigated in this district and occurred in the Eastern Division, namely, Cleveland, Ohio. There is no support provided by Mr.

Fuller that the prevailing market rate in Cleveland is equivalent to that in Toledo. In a second Ohio federal case, *Women's Medical Professional Corporation v. Baird*, 2003 WL 23777732 at *2 (S.D. Ohio 2003), the hourly rate of $350 was deemed reasonable because counsel therein submitted multiple affidavits in support of the prevailing market rate. Mr. Fuller has not submitted any affidavits, including his own, which would support his hourly rate. The remaining six cases in support are from jurisdictions outside of Ohio and therefore, not persuasive.

Two cases of particular relevance on this issue are *Disabled Patriots of America v. Cedar Fair, L.P.*, Case No. 3:06 CV 2262, 2008 WL 408695 (N.D. Ohio, 2008) and *Disabled Patriots of America v. Genesis Dreamplex, LLC*, Case No. 3:05 CV 7153, 2006 WL 2404140 (N.D. Ohio 2006). Both those cases involved suits brought under the ADA and sought attorney fees on behalf of the prevailing parties in this division. In *Cedar Fair*, Chief Judge Carr determined $285 to be a reasonable hourly rate for Mr. Fuller. A year and a half earlier, in *Genesis Dreamplex*, Magistrate Judge Armstrong held $275 as a reasonable hourly rate for Mr. Fuller after an adjustment for inflation.

In keeping with the prevailing market rate as established by the above rulings from this district, the Court finds the appropriate reasonable hourly rate to be $285.00 for Mr. Fuller.

2. Owen Dunn

Attorney Dunn seeks an hourly rate of $225[2]. Mr. Dunn has 7 years of experience and has appeared as co-counsel with Mr. Fuller on a number of ADA cases. Based upon Mr. Dunn's

---

[2] In Plaintiff's motion initial motion for attorney fees, the itemizations for attorney Dunn reflected an hourly rate of $325 an hour. Plaintiff's supplemental memorandum, however, indicates Mr. Dunn's rate has been reduced to $225 an hour.

experience and the guidance from *Cedar Fair* and *Genesis Dreamplex*, *supra*, this Court deems $185 to be a reasonable hourly rate.

3. TD

Itemizations from Mr. Fuller's office reflect hours billed for someone with the initials "TD." TD billed 3.30 hours for a total of $792.00. This equates to $240 an hour. Plaintiff, in both his initial motion and supplementation, fails to identify TD, their qualifications or in any way justify an hourly rate of $240. As Plaintiff has failed to provide justification for these fees, the Court cannot engage in speculation and will, therefore, award fees for TD's services at the reasonable Toledo paralegal rate of $75/hour. *Cedar Fair, supra.*

*D. Hours to be Compensated*

At the outset of this discussion, the Court makes the following observations. The initial fee application (Doc. No. 25) contained itemizations for Lawrence Fuller beginning on April 28, 2004 through July 31, 2006 for a total of 55.70 hours. For Mr. Dunn, the itemizations began on June 30, 2004 and ended on May 10, 2005, totaling 17.71 hours. In response to this Court's request for clarification regarding billing regarding certain entries[3], those entries (12 hours for Mr. Fuller and 3 hours for Mr. Dunn) were withdrawn by counsel.

The supplemental memoranda by Plaintiff contains revised itemizations for Mr. Fuller ranging from April 28, 2004 through January 20, 2009, for a total of 58.20 hours. Mr. Dunn's revised itemization is for the period June 30, 2004 through January 23, 2009, which amount to a total of 29.56 hours.

---

[3] The entries can be characterized as anticipated future hours to settle and close the case.

The following discussion addresses those entries which the Court, for reasons contained below, require a reduction in hours.

1. Lawrence A. Fuller

The entry of May 13, 2004, includes reviewing the expert report, researching American Disability Act Accessibility Guidelines ("ADAAG") and phone calls with clients is listed as an hour. The investigative report, by David Pedraza, is a two and a half page letter, consisting primarily, of 16 numbered paragraphs, each containing one sentence. This letter, at most, took 2 minutes to read. Given the experience of Mr. Fuller, it would appear that research of the ADAAG would be a rather simple exercise for an attorney who has ongoing litigation in this particular area, particularly because at the time of this billing, Attorney Fuller was engaged in seven open cases involving ADA compliance, in this division. The Court also notes that the entry for May 8, 2005, charges one hour for similar tasks, however, that expert report was seventeen pages in length as opposed to the investigative report. Even taking into account the phone calls with Mr. Fuller's client, the Court will reduce this itemization by 50% for the entry of May 13, 2004.

Next, the entry for June 15, 2004, charges 1.70 hours for preparing the complaint and summons; phone call(s) with client; prepared witness and exhibit list; phone call(s) with client; and phone call(s) with Mr. Pedraza. Cumulative billing or lumping such multiple entries together complicates the Court's ability to make a well-reasoned determination that the appropriate amount of time was spent on the specific task. *Genisis Dreamplex*, at *4.

This complaint, when compared to others filed in this district and prior to this litigation, finds a majority of the language therein to be boilerplate. For example, the only differences in this

complaint and one[4] filed four months earlier, apart from the name and address of the Defendant were the specific violations under the ADA, contained at pages 6 through 8. Moreover, the specific violations set forth in the complaint are verbatim from the expert's May 13, 2004, investigative report. It would appear, therefore, that preparation of the complaint was relatively simple given the template developed by counsel. In addition, the preparation of the summons is something that could be accomplished by a paralegal and reviewed by counsel. The number of phone calls made to the client and expert Pedraza is unspecified but when coupled a reasonable time allotted for preparation of this complaint and summons, as well as the witness and exhibit lists, the Court reduces this billing by .70 hour.

The entry dated November 12, 2004, seeks .80 hour for preparing the motion for default and proposed order. The motion for default is a one-paragraph motion consisting of 3 sentences. Appended to that is a proposed order of a similar length, a copy of the affidavit or entry of service on the Defendant as well as a copy of the Court's docket (presumably to reflect the lack of an answer). The amount requested in comparison to the task is excessive and the Court will reduce the entry by .40 hour.

Turning to the entry of November 22, 2004, 1.80 hours is charged for reviewing the Defendant's motion for leave to file an answer, their proposed order, and their answer as well as legal research regarding the applicability of the Defendant's fourth and fifth affirmative defenses.

The Defendant's motion for leave, the proposed order and proposed answer totals 8 pages, review of this might encompass .10 hour. Legal research into the affirmative defenses of failing

---

[4] *Disabled Patriots of America, Inc. v. Lane Toledo, Inc.*, Case No. 1:04 CV 538 (N.D. Ohio), filed on March 18, 2004.

to mitigate damages and claims barred by doctrines of unclean hands, waiver, estoppel and laches are appropriate charges, however, a reasonable time allocated to such a task equates to no more than an hour. Consequently, the time allocated for this entry is reduced by .70 of an hour.

The charge of .30 hour for reviewing the two-page order denying default judgment is reduced to .10 hour regarding the entry of November 24, 2004.

The entry of February 20, 2005, charges 1.60 hours for preparing a letter to opposing counsel, a position statement regarding the agenda for the case management conference, the case management proposed order, a report of the parties' planning meeting[5], a proposed order scheduling a mediation and a proposed trial order. All of these tasks combined require no more than an hours worth of time so the Court will reduce this billing by .60 of an hour.

The entry of June 30, 2005, which bills .50 hours to electronically file a motion for summary judgment and to compile signed 2 affidavits is excessive and this shall be reduced by .25 hours.

The phone call(s) to the undersigned's judicial assistant and call(s) to the client are also reduced from .50 to .25 as such a business call to the Court could not have taken longer than 5 minutes and the status of the pending motion was available by viewing the electronic docket.

There was a telephonic status conference on May 30, 2009 but counsel's itemization incorrectly[6] lists it as occurring on May 29, 2009. However, there is no reduction for this error.

---

[5] The Report of the Parties' Planning Meeting was never filed as required by Fed. R. Civ. P. 26(f) and Local Rule 16.3(b).

[6] The entry of April 4, 2006, refers to phone calls with co-counsel, however, co-counsel Dunn's

In summary, the total reduction of hours for attorney Fuller is as follows:

| | |
|---|---|
| 5/13/2005 | .50 hours |
| 6/15/2005 | .70 |
| 11/12/2005 | .40 |
| 11/22/2005 | .70 |
| 11/24/2005 | .20 |
| 2/20/2005 | .60 |
| 6/30/2005 | .25 |
| 2/9/2006 | .25 |
| TOTAL: | 3.5 hours |

As attorney Fuller's itemization seeks 58.20 hours, minus the Court's reduction of 3.5 hours, his total compensable hours are 54.4 hours. The hourly rate approved by the Court, of $285.00 as applied to 54.4 hours equates to $15,504.00 to attorney Fuller.

2. Owen B. Dunn

The initial entry of June 30, 2004, bills 1.0 hour to review and sign the complaint as well as the fee sharing agreement prepared by Fuller, Fuller & Associates. The entry also indicates, attorney Dunn "spoke on the telephone with Mitsy, legal assistant, at Fuller, Fuller & Associates. Filed document in case file." The complaint is twelve (12) pages in length and was drafted by attorney Fuller. Reviewing this document took no more than fifteen minutes. In June 2004, attorney Dunn was already co-counsel in five (5) cases on behalf of Disabled Patriots of America[7],

itemization references a call between co-counsel on April 7, 2006. The Court assumes counsel spoke on or around those dates, however, in the future, such itemizations should correspond to those of co-counsel.

[7] According to the Court's ECF system, attorney Dunn has been counsel of record in forty-two (42) cases involving Disabled Patriots of America which were commenced from the time period of

so the nature of this action was not entirely foreign to him. The Court does not find it appropriate to allow fees for review the fee sharing agreement as between counsel. Accordingly, this entry will be reduced by .75 hours.

The entry for July 20, 2004, states as follows: “Received postal package of complaints and summons from the Court. Sent by UPS to process server for service.” The novelty and skill required to receive a package from the Court does not warrant legal fees. Counsel’s efforts at sending the complaint/summons to the process server via UPS is tantamount to a clerical task and not billable. Therefore, this entry of .15 hours is stricken.

Calling Defendants’ contact person (as directed by defense counsel) on November 5, 2004, not finding that individual available and emailing co-counsel, on an unspecified issue, does not warrant .40 of an hour. This entry shall be reduced to .10 hours.

The entry of November 24, 2004, charges .50 hours for receiving the ECF Order denying Plaintiffs’ motion for default and reviewing this order is excessive. As Judge Carr noted in *Disabled Patriots of America v. Cedar Fair, L.P.*, 2008 WL 408695 *4 (N.D. Ohio 2008), “no time will be allowed for simply picking up an order [or opening an email] to read” an order. Reviewing this two (2) page denial of Plaintiffs’ motion took no longer than .10 of an hour. Accordingly this entry is reduced by .40 hours.

Similarly, the entry of December 29, 2004, for receipt via the Court’s ECF system copy of Defendant’s answer billing for .10 hours is also stricken.

---

March 18, 2004 through July 8, 2008.

Next, the entry of February 9, 2009, which charges .30 hours for reviewing the Court's CMC Notice, an eight (8) page document (2 pages of which is an attachment which is to be completed by counsel at their Rule 26(f) meeting), required no more than .10 hours and is reduced accordingly.

The entry of March 28, 2005, which bills .15 hours for receiving, via the ECF system, the Case Management Order will be disallowed.

The entry regarding the property inspection also raises several questions. The entry of April 19, 2005, which charges 2.50 hours, states as follows: "Property inspection with expert witness. Waited over 1 ½ hour for Plaintiff's counsel. Discussed inspection results with client, co-counsel and expert." There is no corroborating entry on attorney Fuller's itemization to indicate he traveled to this inspection. In addition, attorney Fuller does not have an entry corroborating a discussion with attorney Dunn on this date regarding this inspection. Accordingly, this entry is reduced by half to 1.25 hours.

Reviewing a one page, five sentence order of this Court extending discovery and setting dates for a final pretrial and non-jury trial, as well as docketing those dates in the calendar requires no more than .10 hours. For this reason, the entry of April 10, 2006, will be reduced by .20 hours.

The Court also finds the entry of May 30, 2009, excessive as counsel charged .40 hours for reviewing the Court's Order following a discovery dispute. Again, the time, novelty and legal

skill required to review a one page, three sentence order[8], including docketing a date in a calendar, requires no more than .10 hours.

No time will be allowed for the entry of July 10, 2006, wherein counsel charged for receiving an ECF Order directing the Defendant to file a suggestion of bankruptcy by a date certain.

Similarly, the Court will disallow the entry of July 28, 2006, charging .10 hours for receiving an ECF order from the Court vacating the trial date. *Disabled Patriots of America v. Cedar Fair, supra*.

The entries of July 31, 2006, August 1, 2006, and October 24, 2008, each of which charge .10 hours for receiving, via the Court's ECF system, court orders are stricken as improper. *Id.*

The entry of October 26, 2008, indicating receipt of the Court's Order, via ECF, granting Defendant time to respond to the pending motion for default and docketing that date in the calendar is reduced to .05 hours.

In summary, the total reduction of hours is as follows:

| | |
|---|---|
| 6/30/2004 | .25 hours |
| 7/20/2004 | .15 |
| 11/5/2004 | .10 |
| 11/24/2004 | .10 |
| 12/29/2004 | .10 |

[8] The Order of May 30, 2006, reads in its entirety: "The Court conducted a telephonic discovery dispute conference on May 30, 2006 regarding Plaintiff's motion to compel, filed on May 22, 2006. Defendant is granted until June 9, 2006 to either produce the requested supplementation or file its petition for bankruptcy and notify Plaintiffs and the Court accordingly. For these reasons, Plaintiff's motion to compel (Doc. No. 16) is denied without prejudice." (Doc. No. 17.)

| | |
|---|---|
| 2/9/2005 | .10 |
| 3/28/2005 | .15 |
| 4/19/2005 | 1.25 |
| 4/10/2006 | .10 |
| 5/30/2006 | .10 |
| 7/10/2006 | .10 |
| 7/28/2006 | .10 |
| 7/31/2006 | .10 |
| 8/1/2006 | .10 |
| 10/24/2008 | .10 |
| 10/27/2008 | .10 |
| TOTAL: | 3.0 hours |

Attorney Dunn's itemization lists total hours at 29.56. Reducing this amount by 3 hours, his total compensable hours equals 26.56 hours. The hourly rate approved by the Court, of $185.00 as applied to the 26.56 hours results in a fee award of $4,913.60.

3. TD

The hours itemized by TD comprise 4 separate entries and appear reasonable. TD billed for 3.30 hours and shall be compensated at the reasonable paralegal rate of $75/hour. Accordingly, the fee award for TD is $247.00.

*E. Expenses*

Attorney Fuller lists expenses of $1,907.48 and attorney Dunn lists expenses of $2.76. These expenses are deemed reasonable and will be awarded in full.

*F. Expert Fees*

Under the ADA, a prevailing plaintiff may recover expert fees as part of the litigation expenses. *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006), *citing Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003). In this instance, Mr. Pedraza's itemizations show a total of 34 hours charged at $175/hour. The Court finds the total expert fees of $5,950 to be reasonable and will be awarded in full.

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to deem request admitted (Doc. No. 33) is denied. Plaintiffs are awarded the following fees and expenses:

| Name | Item | Hourly rate | Hours | Total |
|---|---|---|---|---|
| Lawrence A. Fuller | attorney fees | $285.00 | 54.4 | $ 15,504.00 |
| Owen B. Dunn | attorney fees | $185.00 | 26.56 | $ 4,913.60 |
| Lawrence A. Fuller | expenses | n/a | n/a | $ 1,907.48 |
| Owen B. Dunn | expenses | n/a | n/a | $ 2.76 |
| TD | paralegal | $ 75.00 | 3.30 | $ 247.00 |
| David Pedraza | expert fee | $175.00 | 34 | $ 5,940.00 |
| | | | TOTAL: | $ 28,515.34 |

Accordingly, the Clerk shall enter judgment in favor of the Plaintiffs and against the Defendants in the amount of $28,515.34.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE